# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
12/16/2021
CT Log Number 540748866

**TO:** Marcia Jackson
Bolle Brands Inc.
34 RUE DE LA SOIE
VILLEURBANNE 69100

**RE:** **Process Served in New York**

**FOR:** Bolle Brands Inc. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CHRISTOPHER PECHO vs. Bolle Brands Inc |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CH06072 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/16/2021 at 01:13 |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Worldwide Saver, 1ZX212780420263999 |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of 1 / KM



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Dec 16, 2021

**Server Name:** Robert Mills

| Entity Served | Bolle Brands, Inc. |
|---|---|
| Case Number | 2021-CH-06072 |
| Jurisdiction | NY |



Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 12

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons           (06/28/18) CCG 0001

FILED
12/8/2021 6:12 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06072
Calendar, 12
15881690

FILED DATE: 12/8/2021 6:12 PM   2021CH06072

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CHRISTOPHER PECHO

(Name all parties)

v.

BOLLE BRANDS, INC.

Case No. 2021-CH-06072

BOLLE BRANDS, INC.
c/o CT CORPORATION SYSTEM
28 Liberty Street, 42nd Floor
New York, NY 10005

☐ SUMMONS   ☑ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee within thirty (30) days after service of this Summons, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

Witness: 12/8/2021 6:12 PM IRIS Y. MARTINEZ

Atty. No.: 6323942
Atty Name: David L. Gerbie
Atty. for: Plaintiff
Address: 55 West Wacker Drive, 9th Fl.
City: Chicago   State: IL
Zip: 60601
Telephone: 312-893-7002
Primary Email: dgerbie@mcgpc.com
Secondary Email: _____
Tertiary Email: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois    cookcountyclerkofcourt.org
Page 1 of 2

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W. Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ● Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

FILED DATE: 12/8/2021 6:12 PM  2021CH06072

Return Date: No return date scheduled
Hearing Date: 4/8/2022 10:00 AM
Location: Court Room 2403
Judge: Jacobius, Moshe

**12-Person Jury**

FILED
12/6/2021 4:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH06072
Calendar, 12
15841796

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| CHRISTOPHER PECHO, individually and on behalf of similarly situated individuals, | )<br>)<br>) No. 2021CH06072 |
| *Plaintiff*, | )<br>) |
| v. | ) Hon.<br>)<br>) |
| Bolle Brands Inc., a New York Corporation, | )<br>)<br>) |
| *Defendant.* | )<br>)<br>) |

## CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Christopher Pecho ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant Bollé Brands ("Bollé" or "Defendant"), for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by Defendant's conduct. Plaintiff alleges the following based on personal knowledge as to his own experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1. BIPA defines a "biometric identifier" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

FILED DATE: 12/8/2021 4:27 PM 2021CH06072

2. This case concerns the misuse of individuals' biometrics in the form of scans of their facial geometry by Defendant Bollé Brands, a manufacturer and seller of casual, luxury, and recreational eyewear across its various product lines.

3. In an effort to increase its online sales, Defendant utilized biometrically-enabled virtual try-on technology to market and sell its various brands through its websites including bolle.com, serengeti-eyewear.com, and spyoptic.com. Through Defendant's use of its virtual try-on software, it has captured, collected, disseminated, and/or otherwise used the biometrics of Plaintiff and other consumers throughout Illinois, without their informed written consent as required by law.

4. Facial geometry is a unique and permanent biometric identifier associated with each individual. The unauthorized handling of such sensitive information exposes consumers to serious and irreversible privacy risks. If for example, a database containing scans of face geometry or other sensitive biometric data is hacked, breached, or otherwise exposed, consumers cannot simply change their biometric identifiers like they could reset a password or cancel a credit card.

5. Having recognized that biometrics present unique security concerns, the Illinois Legislature enacted BIPA to regulate companies that collect and store Illinois citizens' biometrics. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, receive through trade or otherwise obtain an individual's biometrics unless they first:

> (1) inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored, 740 ILCS 14/15(b)(1);
>
> (2) inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric

2

FILED DATE: 12/8/2021 4:27 PM 2021CH06072

identifiers or biometric information is being collected, stored, and used, 740 ILCS 14/15(b)(2); and

(3) receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information, 740 ILCS 14/15(b)(3).

6. BIPA also requires a private entity in possession of biometric identifiers or biometric information to make publicly-available a written policy outlining its storage and destruction policies for such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

7. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, and from disclosing or disseminating the same to third parties without informed consent. 740 ILCS 14/15(c)–(d).

8. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

9. In direct violation of each of the foregoing provisions, Defendant is actively capturing, collecting, storing, and otherwise obtaining—without providing notice, obtaining informed written consent, or publishing data retention policies—the biometrics of thousands of individuals throughout Illinois who use its virtual try-on tool.

10. Specifically, Defendant has created, captured, collected, used, and stored thousands of templates of facial geometry—highly detailed geometric maps of the face—from thousands of Illinois individuals including Illinois residents like Plaintiff. Defendant creates these templates of facial geometry using sophisticated facial recognition technology that scans, extracts, and analyzes data from the points and contours of faces that appear in photos and videos taken on mobile devices

3

and computers and uses such scans of facial geometry to increase sales of its eyewear and other accessories. Each template of facial geometry that Defendant extracts from consumers is unique to that individual, in the same way that a fingerprint or voiceprint uniquely identifies one and only one person.

11. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper, or its electronic equivalent. BIPA's requirements bestow a right to privacy in biometrics and a right to make an informed decision when electing whether to provide or withhold biometrics.

12. Defendant collects the facial geometry of its customers in Illinois without first obtaining those individuals' informed written consent and informing them how long it intends to keep such biometric data, as required by BIPA.

13. Defendant also stores those individuals' biometric data but has failed to publish a written policy specifying how long it retains such data and when it will be destroyed, as required by BIPA.

14. Plaintiff brings this action for damages and other legal and equitable remedies resulting from Defendant's illegal acts in capturing, collecting, storing, using, and disclosing his biometrics, and those of hundreds of other consumers throughout the state of Illinois, without their informed written consent, and without making publicly available a written policy detailing how they store and dispose of this irreplaceable information, in direct violation of BIPA.

15. On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

16. Defendant Bollé Brands is a New York Corporation that conducts substantial business in and markets its eyewear product lines throughout Illinois, including in Cook County.

17. Bollé Brands encompasses the brands Bollé, Bollé Safety, Cébé, Serengeti, H2 Optix and Spy.

18. At all relevant times, Plaintiff Christopher Pecho has been a resident and citizen of the State of Illinois, specifically Cook County.

## JURISDICTION AND VENUE

19. This Court may assert personal jurisdiction over Bollé Brands pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Bollé Brands advertises, solicits, and conducts substantial business within this State, and because Plaintiff's claims arise out of Bollé's unlawful in-state actions, as Bollé captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

20. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Bollé Brands does business in Cook County and thus resides there under § 2-102, and because the biometric transactions out of which this cause of action arises occurred in Cook County.

## FACTS SPECIFIC TO PLAINTIFF

21. In an effort to increase online sales of its eyewear products, Bollé Brands has implemented "virtual try-on" software that uses facial biometric technology to allow consumers to "try on" eyewear by displaying images of it on their face.

FILED DATE: 12/6/2021 4:27 PM 2021CH06072

22. Bollé's virtual try-on technology works by superimposing images of its eyewear products on consumers' faces in real-time using the various facial biometric data points it gathers through the consumer's computer or mobile device camera.



23. Plaintiff visited Bollé's website www.bolle.com/us on or about November 29, 2021 and used Defendant's Virtual Try-On software to see what several pairs of Bollé sunglasses would look like on him.

24. Plaintiff visited Bollé's website in Cook County, Illinois, where he resides.

25. Defendant's virtual try-on software used the web camera on Plaintiff's computer to scan Plaintiff's face and create a detailed template of his unique facial geometry that Defendant used to determine where exactly to superimpose various pairs of sunglasses on his face.

26. Plaintiff relied on Defendant to not only provide lawful and legally compliant software for Plaintiff to use, but to also disclose all material information regarding the software, including all relevant retention, destruction, and dissemination policies as they relate to the use of his biometrics.

6

27. After capturing Plaintiff's facial biometrics through its website, Defendant disseminated Plaintiff's and other Class members' biometrics to third parties, including its technology vendors for data storage purposes.

28. Prior to taking Plaintiff's and the other Class members' biometrics, Defendant did not inform Plaintiff and the other Class members in writing that their biometrics were being collected, stored, used, otherwise obtained, or disseminated, nor did it in any way receive their informed written consent to collect, capture, use, or otherwise obtain such information.

29. Defendant has also failed to make publicly available any written policy as to its biometric retention and destruction policies – to the extent they exist at all.

30. Defendant's website contains very specific disclosures which describe and explain the information Bollé collects as well as consumers' rights under California law and other applicable data protection legislation. The presence of this information indicates that Bollé was and is aware of the importance of compliance with data privacy laws.

31. Defendant not only captured Plaintiff and other consumers' biometrics through its websites and other online software, but also other personal identifying information, including their names and mailing addresses where a consumer placed an order, IP addresses, internet search and browsing history, and other information that is easily used to identify the individual from whom such information is gleaned.

## CLASS ALLEGATIONS

32. Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant Bollé Brands within the state of Illinois any time within the applicable limitations period.

7

33. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

34. Upon information and belief, there are at least thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

35. Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and the Class. As alleged herein, Plaintiff and the Class have suffered damages as a result of Defendant's BIPA violations.

36. There are many questions of law and fact common to the claims of Plaintiff and the Class and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendant collects, captures, stores, uses, or disseminates the biometrics of the members of the Class;

    b. Whether Defendant made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometrics;

    c. Whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining their biometrics;

FILED DATE: 12/6/2021 4:27 PM 2021CH06072

    d. Whether Defendant provided a written disclosure to the members of the Class that explains the specific purposes, and the length of time, for which their biometrics were collected, stored, and used before collecting such biometrics;

    e. Whether Defendant's conduct violates BIPA;

    f. Whether Defendant's violations of BIPA are willful or reckless;

    g. Whether Defendant's violations of BIPA are negligent; and

    h. Whether Plaintiff and other Class members are entitled to damages and injunctive relief.

37. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

38. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

39. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Defendant is a private entity under BIPA.

42. BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

43. BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. An entity which possesses biometric identifiers or information must make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual).

44. Plaintiff and the other Class members have had their "biometric identifiers," namely their facial geometry and scans thereof, collected, captured, or otherwise obtained by Defendant.

FILED DATE: 12/6/2021 4:27 PM  2021CH06072

45. Plaintiff and the other Class members have been aggrieved by Defendant's failures to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA:

   a. Defendant failed to inform Plaintiff and the Class members in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

   b. Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   c. Defendant failed to inform Plaintiff and the Class members in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   d. Defendant failed to obtain a written release from Plaintiff and the Class members, as required by 740 ILCS 14/15(b)(3);

   e. Defendant failed to make publicly available a written retention schedule detailing the specific length of time the biometrics are stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a); and

   f. Defendant failed to obtain informed consent to disclose or disseminate the Class members' biometrics, as required by 740 ILCS 14/15(d)(1).

46. Defendant profited from Plaintiff's and the other Class members' biometric identifiers through using such information to sell recreational and luxury eyewear products in violation of 740 ILCS 14/15(c).

11

47. Defendant knew, or was reckless in not knowing, that the Virtual Try-On biometric capture and collection software it used would be subject to BIPA and nevertheless wholly failed to comply with the statute.

48. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class members' biometrics as described herein, Defendant denied Plaintiff and the Class members their right to statutorily-required information, and violated their respective rights to biometric information privacy, as set forth in BIPA.

49. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

50. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements, as BIPA has been in existence since 2008, and BIPA's minimally burdensome compliance regime may be satisfied with a single sheet of paper or a single webpage screen. Alternatively, Defendant negligently failed to comply with BIPA's disclosure, consent, and policy posting requirements.

51. Accordingly, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class respectfully requests that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

12

FILED DATE: 12/6/2021 4:27 PM   2021CH08072

    c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

    d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

    e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

    f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    g. Awarding pre- and post-judgment interest, as allowable by law; and

    h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: December 6, 2021

Respectfully Submitted,

CHRISTOPHER PECHO, individually and on behalf of a class of similarly situated individuals

By: /s/ David L. Gerbie
*One of Plaintiff's Attorneys*

David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
dgerbie@mcgpc.com

*Attorney for Plaintiff and the Putative Class*

13